Wilma BREVARD, Plaintiff,

v.

**N.O.I. CORP., d/b/a Oakbrook Gardens Apartments and as Fulcrum Associates, and Linda Zacheis, Defendants.**

No. 83–2292C(2).

United States District Court,
E.D. Missouri.

April 8, 1985.

Ernest L. Keathley Jr., St. Louis, Mo., for plaintiff.

Arthur E. Herder, Jr., St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court for a decision following a trial on the merits of plaintiff's claim of age discrimination. The Court adopts the following Memorandum as its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52.

Plaintiff brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621–634, alleging that she was dismissed from her employment with N.O.I. Corporation ("NOI") because of her age. This Court has jurisdiction over plaintiff's action, and venue is proper in this district. The plaintiff, Wilma Brevard, was 53 years of age when NOI discharged her. NOI is a foreign corporation registered to do business in the state of Missouri.

Plaintiff was first employed, part time, at the Oakbrook Garden Apartments

("Apartments") in June of 1978 as a hall monitor. In November of 1978 plaintiff became a full-time employee. Plaintiff's full-time employment was the cleaning of vacant apartments.

Until April of 1980 the Apartments were managed by Mable Property Management Company. In April the defendant NOI took over the Apartments. NOI retained plaintiff as an employee; plaintiff continued to work full time cleaning vacant apartments. In addition, plaintiff worked overtime cleaning the hallways of Building 5028. Plaintiff's employment was terminated on February 25, 1983. This lawsuit followed.

■ The ADEA prohibits arbitrary age discrimination in employment. The evidentiary burdens established by the Supreme Court in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) apply in an action brought under the ADEA. *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285, 289 (8th Cir.1982). *See also Pena v. Brattleboro Retreat,* 702 F.2d 322, 323 (2d Cir.1983); *Loeb v. Textron,* 600 F.2d 1003 (1st Cir.1979). In order to establish a prima facie case in a claim of discharge the plaintiff must show that "(i) she was in the protected age group, (ii) she was qualified for her job, (iii) she was discharged, and (iv) the discharge occurred in circumstances which give rise to an inference of age discrimination." *Pena,* 702 F.2d at 324. Thus "[t]o establish a prima facie case of discrimination, the plaintiff must produce sufficient evidence to support an inference that the defendant employer based its employment decision on illegal criterion." *Halsell,* 683 F.2d at 290. *See also Loeb v. Textron,* 600 F.2d at 1013–14.

If plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824. Should defendant meet this burden plaintiff must demonstrate that the legitimate reasons offered by defendant were a pretext for the discrimination. The ultimate burden of persuading the trier of facts that the defendant discriminated against plaintiff remains at all times with plaintiff. The intermediate evidentiary burdens outlined above serve to bring litigants and the Court expeditiously and fairly to this ultimate question. *Texas Department of Community Affairs,* 450 U.S. at 253, 101 S.Ct. at 1093. The Court concludes that plaintiff has failed to establish a prima facie case of discrimination. Even if plaintiff had established a prima facie case, the Court finds that defendants articulated nondiscriminatory reasons for plaintiff's dismissal that would rebut any inference of discrimination presented by a prima facie case.

■ Plaintiff meets the first three elements of a prima facie case but has failed to introduce sufficient credible evidence to establish the existence of the fourth element. Plaintiff demonstrated that she was within the class of persons protected by ADEA, that she was qualified for her position, and that she was discharged. The credible evidence introduced, however, fails to show that plaintiff's discharge occurred in circumstances which would give rise to an inference of age discrimination.

NOI did not hire anyone to replace plaintiff after she was discharged. Indeed from March 1, 1983, until approximately July 1, 1983, the cleaning of vacant apartments, plaintiff's former employment, was performed by the remaining full-time employees as part of their regular work. Also, Billie Jo Hagen cleaned a few apartments for a $350.00 rent concession. Thus, during the four months immediately following the dismissal of plaintiff defendant NOI expended virtually no funds in cleaning vacant apartments over and above those funds normally paid to its workers. Following this period the cleaning of vacant apartments was performed by contract cleaners. The sums of money paid to the contract cleaners did not equal the salary of plaintiff. Furthermore, the contract

**642**

cleaners supplied their own cleaning materials and received no fringe benefits as did plaintiff. Thus, plaintiff's dismissal was based upon economic considerations. NOI quite simply did not require a full time employee to clean the vacant apartments and acted accordingly.

The credible evidence adduced at trial further demonstrated that plaintiff was offered part-time employment, but refused because such employment did not provide any fringe benefits. Although there was some evidence that defendant Linda Zacheis made an occasional derogatory comment concerning older people, such evidence does not, in light of NOI's economic situation, warrant the inference that plaintiff was discriminated against because of her age.

After careful consideration of all the evidence presented to the Court and the arguments of counsel, the Court finds that plaintiff was not subjected to unlawful discrimination because of her age. The Court will, therefore, grant judgment in favor of the defendants.

Defendants' claim for attorney's fees will be denied because the Court does not find that plaintiff's lawsuit was "frivolous, unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

### JUDGMENT

In accordance with the Memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants shall have judgment against plaintiff.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.

IT IS FURTHER ORDERED that costs shall be taxed against plaintiff.

IT IS FURTHER ORDERED that defendants' request for attorney's fees be and is DENIED.